IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIARA BURTON, | : |
| a/k/a Herman Burton, | : |
|     Plaintiff | : |
|        v. | : Case No. 3:22-cv-94-SPB-KAP |
| JOHN E. WETZEL, *et al.*, | : |
|     Defendants | : |

Report and Recommendation

Recommendation

This matter should be transferred to the Middle District of Pennsylvania for further proceedings. The Clerk can mark the Motion for Clarification at ECF no. 65 terminated as moot.

Report

The Court is familiar with the history of this and other civil litigation by plaintiff Niara Burton, incarcerated under the name Herman Burton. To explain this to Burton, in light of the motion for clarification at ECF no. 65: my Report and Recommendation screening Burton's amended complaint was filed at ECF no. 54 in November 2023, and my recommendation and Burton's objections thereto were pending before Judge Gibson until the matter was reassigned to Judge Baxter. Judge Baxter issued the order at ECF no. 64 in May 2025, dismissing all the claims in the amended complaint, ECF no. 44, except for the Eighth Amendment claims against defendants Dranzo and Reynolds based on the allegations that they committed sexual assault on Burton at S.C.I. Muncy in March through May 2020.

The only claims left are against corrections officers at S.C.I. Muncy for events that allegedly took place at S.C.I. Muncy. Because the events alleged to give rise to the claim happened in the Middle District and plaintiff has not alleged that the defendants reside in this district, under 28 U.S.C.§ 1391(b) venue is proper in the Middle District and is not alleged to be proper here. In such cases 28 U.S.C.§ 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Sua sponte* consideration of transfer is appropriate upon notice to the parties. Bond v. McKean County, No. 4:19-CV-1535, 2019 WL 4452228, at *3 (M.D. Pa. Sept. 17, 2019). In this case notice and opportunity to be heard is given by the recommendation and

1

objection procedure. *Compare* Lawrence v. Hainsworth, No. 3:24-CV-213, 2024 WL 4505138, at *1 (W.D. Pa. Oct. 16, 2024)(transfer accomplished by nondispositive order with right to appeal).

If venue were proper in this district I would still recommend, given the early stage of the proceeding and the location of all likely witnesses and evidence, that this matter be transferred to the Middle District of Pennsylvania for all further proceedings pursuant to 28 U.S.C.§ 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The governing law in cases where venue is proper in two or more districts stems from the multi-factor test announced in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879–80 (3d Cir. 1995), *see* Hammond v. Pennsylvania Department of Corrections, No. CV 24-2290, 2025 WL 52077, at *3 (E.D. Pa. Jan. 8, 2025)(granting change of venue); Beuchat v. Pennsylvania, No. 1:19-CV-81, 2019 WL 4962693, at *1 (W.D. Pa. Oct. 8, 2019)(denying change of venue). Applying the *Jumara* factors insofar as they are relevant to a case where it appears that venue is not even proper, this matter should be transferred.

*Jumara* describes some considerations as "private interest" factors, such as the plaintiff's choice of forum; the defendant's preferred forum; where the claim arose; access to evidence; the convenience of the parties and witnesses; and other practical problems relevant to the expense of pretrial practice and trial. Other considerations, so-called "public interest" factors, include relative congestion of court dockets and the local interest in deciding local controversies.

A plaintiff's choice of forum is typically an important consideration, *see* Beuchat, but that is a relatively unimportant consideration with this matter, and it is generally unimportant in *pro se* prisoner litigation. Plaintiff files complaints wherever he is incarcerated, he has over the years been transferred from district to district, he has in the course of this litigation been in all three of the divisions in this district, and he remains subject to involuntary transfer. That this matter is in this district at all is pure happenstance, and it will be pure happenstance if plaintiff is in this district throughout the pretrial period.

Plaintiff's claims are based on events alleged to have happened at Muncy five years ago and any witnesses to the circumstances surrounding those claims and almost all conceivable evidence would be at Muncy. The fact that witnesses can travel and evidence can be copied and transmitted does not mean that the costs of litigation at a distance are not significant, or that there is not a significant interest in deciding matters in the locality

where they arose. In fact, in habeas cases where the evidence is almost exclusively paper records (and the cost of litigation is the same whether the evidence moves one mile or one thousand miles) the uniform practice -for both cost and local interest reasons- is to transfer petitions to the district where the conviction took place. *See e.g.* Perry v. Ebbert, No. 1:19-CV-0485, 2019 WL 3069690, at *2 (M.D. Pa. May 31, 2019), *report and recommendation adopted,* No. 1:19-CV-0485, 2019 WL 3067256 (M.D. Pa. July 12, 2019). If *Jumara* applied, the other *Jumara* "private interest" and "public interest" factors are neutral or irrelevant.

Pursuant to 28 U.S.C.§ 636(b)(1), the plaintiff can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See EEOC v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: July 1, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Herman Burton KU-1265
S.C.I. Greene
169 Progress Drive
Waynesburg, PA 15370

3