UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIARA BURTON, | : | CIVIL NO: 1:25-cv-01393 |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| DRANZO and REYNOLDS, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

## I. Introduction.

The plaintiff, Niara a/k/a/ Herman Burton ("Burton"), proceeding pro se, raises Eighth Amendment claims against correctional officers arising from her incarceration at State Correctional Institute ("SCI") Muncy. *See doc. 44*. The defendants have moved to dismiss Burton's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Doc. 87*. For the reasons set forth below, we will deny the defendants' motion to dismiss the amended complaint.

## II. Background and Procedural History.

On June 9, 2022, Burton filed a complaint in the United States District Court for the Western District of Pennsylvania. On December 2, 2022, Burton filed a

motion for leave to file an amended complaint, which the Western District granted. *Docs. 31, 43*. Burton alleges the following facts in the amended complaint.

Burton has been incarcerated since 2012. *Doc. 44* at 5. She is confined under the name "Herman Burton," but she is a transgender woman and goes by Niara. *Id.* In 2019, she was transferred to SCI Muncy, a female prison. *Id.* at 14. Burton alleges that upon her transfer to SCI Muncy, she was subjected to harassment and abuse stemming from her filing of a previous lawsuit and administrative grievances. *Id.* She claims that in March 2020, correctional officers Dranzo and Reynolds attempted to groom her and that their actions escalated to sexual advances. Per Burton, Dranzo approached Burton in her cell where he "r[a]n a [f]lash light up and down her[] body." *Id.* Dranzo proceeded to motion for her to come towards him using his pointer finger. *Id.* Burton further claims that Dranzo choked, threatened, and raped her one evening in April 2020. *Id.* at 15. As to Reynolds, Burton alleges that he forced her to perform oral sex from April 2020 to May 2020. *Id.* She further alleges that numerous defendants failed to prevent or

otherwise subjected her to foreseeable sexual harassment as evidenced by her rejected administrative grievances. *Id.* at 14–17.

On October 8, 2020, Burton was transferred to SCI Houtzdale. *Id.* at 17. Burton alleges she was subjected to inhumane cell conditions, harassment, and abuse by a fellow inmate and numerous correctional staff. *Id.* at 18–25.

On November 1, 2023, Magistrate Judge Pesto filed a Report and Recommendation recommending all claims—except for the Eighth Amendment claims asserted against defendants Dranzo and Reynolds—be dismissed for failure to state a claim. *Doc. 54*. The district court adopted Judge Pesto's Report and Recommendation in its entirety. *Doc. 64*.

On July 28, 2025, this case was transferred from the Western District to this district by adoption of Judge Pesto's Report and Recommendation. *See docs. 66, 68.* Following the transfer, defendants Dranzo and Reynolds filed a motion to dismiss the amended complaint. *Doc. 87.* Burton filed a brief in opposition. *Doc. 94.* The defendants did not file a reply brief, and the time for them to do so has passed. The motion is now ripe for review.

## III. Motion to Dismiss Standards.

In accordance with Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When

reviewing a motion to dismiss under Rule 12(b)(6) "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229.

In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cnty. Of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should

> assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**IV. Discussion.**

Burton alleges violations of the Eighth Amendment occurred while she was an inmate at SCI Muncy. The defendants argue that Burton's claims are barred by the statute of limitations. *Doc. 88*. In response, Burton argues that the statute of limitations did not commence until she exhausted her administrative remedies.[1] *Doc. 94* at 4, 6.

---

[1] It appears that Burton also argues that the continuous violation doctrine applies here. *Doc. 94* at 5. However, she makes no argument regarding the doctrine's application to the instant matter. Accordingly, this argument is without merit, and we will not address it.

The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendant. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989). A motion to dismiss may be granted on the basis of the statute of limitations only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

"A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "The statute of limitations applicable to § 1983 claims in Pennsylvania is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). But "because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ('PLRA'), the statute of limitations applicable to § 1983 actions should be tolled while a prisoner pursues

the mandated remedies." *Wisniewski,* 857 F.3d at 158 (citing *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).

Here, Burton filed this case on June 9, 2022. Thus, claims that accrued prior to June 9, 2020, are barred by the statute of limitations. It appears Burton's claims all pre-date June 9, 2020. *See generally doc. 9.* However, Burton has pleaded that she exhausted all administrative remedies. *Doc. 44* at 40. Specifically, Burton claims that she filed grievances on April 6, 2020, and in August 2020. *Doc. 94* at 6. And she contends that the investigation did not conclude until 2021. *Id.* Accordingly, it is not clear on the face of the amended complaint that Burton's claims are barred by the statute of limitations. Thus, we deny the defendants' motion to dismiss.

**V. Conclusion.**

For the foregoing reasons, we will deny the defendants' motion to dismiss (*doc. 87*). An appropriate order follows.

Submitted this 30th day of October 2026.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge